UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>v.<br><br>GARY FRANCIS GLASSER,<br><br>           Defendant. | Case No. 3:23-CR-00224-DCN-DKG<br><br>**REPORT AND RECOMMENDATION** |

On May 20, 2024, Defendant GARY FRANCIS GLASSER appeared before the undersigned United States Magistrate Judge to enter a change of plea pursuant to a written plea agreement. (Dkt. 77). The Defendant executed a waiver of the right to have the presiding United States District Judge take his change of plea. Thereafter, the Court explained to the Defendant the nature of the charges contained in the Indictment (Dkt. 2), the maximum penalties applicable, his Constitutional rights, the impact that the Sentencing Guidelines will have, and that the District Judge will not be bound by the agreement of the parties as to the penalty to be imposed.

The Court, having conducted the change of plea hearing and having inquired of the Defendant, counsel, and the government, finds there is a factual basis for the Defendant's guilty plea, that he entered it voluntarily and with full knowledge of the consequences, and that the plea should be accepted. The undersigned also ordered a pre-sentence investigation to be conducted and a report prepared by the United States Probation Office.

**REPORT AND RECOMMENDATION - 1**

Because the offense to which Defendant entered his guilty plea is an offense in a case described in 18 U.S.C. Section (f)(1)(C), subjecting Defendant to detention upon a finding of guilt under Section 3143(a)(2), the undersigned considered whether, under Section 3145(c), exceptional reasons were clearly shown as to why Defendant's detention pending imposition of sentencing would not be appropriate.

In this case, the Government withdrew its motion for detention at the detention hearing and agreed to release conditions proposed by Pretrial Services. (Dkt. 8, 24). An order setting conditions of release was entered on August 31, 2023, and Defendant has been on release since that time. (Dkt. 25). Defendant has some criminal history, but Probation reports he has tested negative for substance use while on pretrial release. Defendant has a stable residence and, while on pretrial release, has maintained full-time employment and completed mental health and substance abuse evaluation. Defendant has also participated in treatment. On September 27, 2023, a criminal complaint was filed against Defendant following an altercation. Pretrial Services reported the incident to the Court and recommended continued release. The Government advised that it has no reason to believe the Defendant poses an enhanced danger to the community or risk of flight.

Upon consideration of the totality of the circumstances presented in this case, including the stringent conditions of release and the disruption in the course of treatment of Defendant's that would occur with detention pending imposition of sentencing, and upon finding Defendant is exceptionally unlikely to flee or cause a danger to the community if release is continued, the Court recommends release be continued. The

**REPORT AND RECOMMENDATION - 2**

Court finds that exceptional reasons have been clearly shown by Defendant that detention pending imposition of sentencing would not be appropriate.

## RECOMMENDATION

NOW, THEREFORE IT IS HEREBY RECOMMENDED:

1) The District Court accept Defendant GARY FRANCIS GLASSER's plea of guilty to Count One of the Indictment (Dkt. 2).

2) The District Court order forfeiture consistent with Defendant GARY FRANCIS GLASSER's admission to the Criminal Forfeiture allegation in the Indictment (Dkt. 2) and the Plea Agreement (Dkt. 77).

3) The District Court continue Defendant's release pending sentencing, subject to the standard and additional conditions of release previously imposed in the Order Setting Conditions of Release. (Dkt. 25).

Written objections to this Report and Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(b), or as a result of failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.

DATED: May 21, 2024

Honorable Debora K. Grasham
United States Magistrate Judge

REPORT AND RECOMMENDATION - 3